## BOYD ET AL. *v.* MICHAELS.

[No. 12,714.   Filed February 3, 1927.]

1. TRIAL.—*Answer to interrogatory held insufficient to overcome general verdict.*—In an action to enforce an alleged oral agreement of a stockholder to pay his proportionate share of liability for money borrowed by the company, an answer to an interrogatory that the defendant did not, "prior to the time" he became a stockholder, enter into such agreement, was not in irreconcilable conflict with a general verdict against him, as he might have made the agreement at the time he became a stockholder, and, therefore, such answer would not overcome the general verdict.   p. 588.

2. APPEAL.—*Appellate tribunal must assume that there was evidence to sustain the general verdict notwithstanding answers to interrogatories in apparent conflict therewith.*—In an action to enforce an alleged oral agreement of a stockholder to pay his proportionate share of liability for money borrowed by the company, a judgment for the defendant, based on an answer to an interrogatory that the defendant had not entered into the agreement before becoming a stockholder, was erroneous, where the general verdict was for the plaintiffs, as the court on appeal must assume that he executed the agreement sued on at the time he became a stockholder.   p. 589.

3. APPEAL.—*Judgment for defendant on answer to interrogatory held erroneous where verdict was for plaintiffs.*—Where the general verdict was for the plaintiffs, a judgment for the defendant, based on a finding of the jury that the defendant did not execute a certain agreement, different from the one sued on, was erroneous, as the finding could not be in conflict with the averments of the complaint. p. 589.

From Wells Circuit Court; *A. Walter* Hamilton, Judge.

Action by Cyrus F. Boyd, individually, and as trustee for others, against Harvey O. Michaels. From a judgment for defendant, the plaintiffs appeal. *Reversed.* By the court in banc.

*W. H. Eichhorn, Frank W. Gordon* and *John H. Edris,* for appellants.

*Frank H. Bowers, Milo Feightner, Lee M. Bowers* and *Vaughn & Decker,* for appellee.

McMAHAN, C. J.—Complaint by appellant Cyrus F. Boyd and Cyrus F. Boyd as trustee for thirty-eight named persons, upon an oral agreement alleged to have been entered into by appellee and all the other stockholders of an elevator company, by the terms of which each stockholder agreed to pay his proportionate share of any liability that might accrue to other stockholders on an indemnity bond executed by them and deposited with a bank to obtain credit for the company in conducting its business. The jury returned a verdict in favor of appellant for $90.12, and, along with such verdict, answered certain interrogatories which had been submitted to them. From a judgment in favor of appellee on the answers to the interrogatories, this appeal is prosecuted.

The complaint alleges that appellant Boyd and thirty-eight other persons, for whom he is acting as trustee, and appellee, with others, united and combined to organize and operate a grain elevator at Markle, and

formed an organization known as the Markle Branch of the Madenis Equity Exchange, and which will be hereafter referred to as "the exchange"; that all of said persons, including appellee, subscribed for stock and became stockholders in said organization which was incorporated under the laws of this state; that it was the understanding and agreement among all of said stockholders that it would be necessary to borrow money and that money would be borrowed to finance the business, and that it would be necessary to execute to the bank from which they expected to borrow the money a bond to indemnify the bank so as to induce it to loan the money to the company; that it was understood and agreed between them that the money so borrowed would be secured by all the stockholders, and, if any sum had to be paid by the *stockholders* by reason of such borrowing, each stockholder would pay his proportionate share thereof, and that the stock was issued to each stockholder with such an understanding; that the appellant Boyd and the thirty-eight persons for whom he is acting as trustee later executed a written bond and that money was borrowed of a certain bank and said business thereafter operated and dividends paid to the stockholders, including appellee; that appellants were compelled to and did thereafter pay a sum in excess of $12,000 because of having executed said bond; and that the proportionate share of appellee of such amount was $115.12, and that, before commencement of this action, demand was made on appellee that he pay his share of said sum and that he did pay $25, in partial discharge of his liability.

The jury by the general verdict found the facts to be as alleged in the complaint, and, in answer to interrogatories, found the following facts: In the winter of 1918-1919, and in the spring of 1919, meetings were held at Markle by citizens of that vicinity to discuss the pre-

liminary steps for the formation of a branch of the Madenis Equity Exchange. Addresses were made at these meetings by men named Johnson and Lyons on the benefits of such an exchange and the manner of organizing and operating the same, and citizens were solicited to become stockholders. The Markle branch of said exchange was organized about June 1, 1919. The membership of the company consisted of eighty-four persons, one share of stock being issued to each member. When the stock was issued to forty-four members, they executed and delivered a bond to a bank at Markle as surety for money to be borrowed by the exchange from the bank. Stock was issued to the remaining members of the exchange without requiring them to sign the indemnity bond. After the exchange had been organized, and after it had been doing business for "some months," appellee purchased a share of stock without being requested to sign said bond and without signing it. Appellee was at the second preliminary meeting heretofore mentioned, but neither Johnson nor Lyons discussed the plans of operating or financing the exchange or the manner in which any indebtedness would be discharged. Appellee was not present when either Johnson or Lyons discussed the manner of adjusting any losses that might be sustained, and no liabilities were mentioned by said men in said meeting other than the liability of stockholders arising from signing said indemnity bond. Appellee did not, prior to becoming a member of the company, by any word or deed agree to become liable for any loss that might be sustained by the "said company or the Markle branch thereof."

The only question presented for our determination relates to the action of the court in rendering judgment for appellee on the answers of the jury to the interrogatories. Are the facts as disclosed by these answers in

irreconcilable conflict with the general verdict? If they are, the judgment must be affirmed. If they are not, it must be reversed.

Appellee calls attention to the fact that the jury, in answer to an interrogatory, found he did not, prior to the time he became a member of the exchange,

1. "by any word or deed agree to become liable for any loss that might be sustained by said company or the Markle branch thereof," and insists this finding is in irreconcilable conflict with the general verdict. This contention is not well taken. The fact that appellee did not, prior to becoming a member, agree to become liable for any loss sustained by said "company," which evidently means the Madenis Equity Exchange, is not in conflict with the general verdict, as there is no allegation in the complaint that he ever agreed to become liable for any losses sustained by the Madenis exchange. Nor is there any allegation that he agreed to become liable for any loss sustained by the Markle branch of the exchange. The charge is that he, with the other stockholders, agreed and understood that it would be necessary to borrow money to finance the local exchange; that the stockholders would have to execute an indemnity bond to secure the bank from which they expected to borrow the money, and that if any sum had to be paid by the stockholders or subscribers by reason of such borrowing, each member and stockholder would pay his proportionate share thereof. Neither appellants nor appellee, as stockholders, were liable for the debts or losses of the exchange. Appellants, however, by reason of having executed the indemnity bond to the bank were compelled to pay to the bank a sum in excess of $12,000. The complaint alleges that, at the time each person became a stockholder, he agreed, if any sum had to be paid by the stockholders by reason of such borrowing, to pay his proportionate share thereof. The

jury, by its general verdict, found appellee made such an agreement *at the time he became a stockholder.* The jury by its answer to the interrogatory simply found he made no such agreement *prior* to becoming a stockholder, and clearly this is not in irreconcilable conflict with the general verdict. We must, therefore, assume that appellee at the time he became a stockholder, but not prior to such time, made the agreement mentioned in the complaint.

We must not overlook the allegation of the complaint that, in response to a demand on appellee to pay his proportionate share of the sum paid by the appellants, he paid the sum of $25, in partial discharge of his liability. The alleged agreement is not as clear and unambiguous as it might have been. The evidence may have been sufficient to justify the jury in finding that appellee, by paying the $25, recognized a liability to appellants for the said sum of $115.12. There may have been sufficient evidence to have justified the jury in finding that he placed such construction on the contract as obligated him to pay said sum. Appellee, in his brief, says he paid the $25 as a donation, but the jury did not so find. The loss referred to in the answers to the interrogatories is a loss "sustained by said company," or the "Markle branch thereof," while the contract sued on is based upon an agreement between the stockholders to share in equal proportion any sum paid by the stockholders by reason of borrowing money from the bank. This agreement, as alleged in the complaint and as found by the general verdict, was entered into at the time appellee became a stockholder. There is no claim or contention that, if he did make the agreement as alleged in the complaint, he would not be liable thereon to appellants. We hold the court erred in rendering judgment in favor of appellee.

Cause reversed, with directions to overrule appellee's motion for judgment and to render judgment on the verdict for appellants.

Dausman, J., absent.